UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT B. BERGDAHL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-418 (RBW) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

For the reasons to be set forth in the Memorandum Opinion to be issued by the Court within the next sixty days, absent extraordinary circumstances, the Court will grant in part and deny in part the defendant's motion to dismiss, and grant in part and deny in part the plaintiff's motion for summary judgment. Accordingly, it is hereby

**ORDERED** that the Defendant's Motion to Dismiss, ECF No. 16, is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent that it seeks dismissal of the Count I of the Complaint in this case. The motion is **DENIED** in all other respects. It is further

**ORDERED** that the Plaintiff's Cross-Motion for Summary Judgment, ECF No. 18, is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent that it seeks summary judgment as to Count II of the Complaint in this case. The motion is **DENIED** in all other respects. It is further

**ORDERED** that this Order is not a final Order subject to appeal.[1]

**SO ORDERED** this 31st day of March, 2023.

REGGIE B. WALTON  
United States District Judge

---

[1] To ensure that there is no confusion about the import of this Order, the Court notes for the benefit of the litigants that this Order is <u>not</u> a "final decision" as that term is used in 28 U.S.C. § 1291 (2018). See <u>St. Marks Place Hous. Co. v. U.S. Dep't of Hous. & Urban Dev.</u>, 610 F.3d 75, 79 (D.C. Cir. 2010) ("[A]ppeals may be taken (with certain exceptions not relevant here) only from 'final decisions.'"); <u>id.</u> at 80 (concluding that "district courts can choose when to decide their cases," and when an order states that it "shall not be deemed . . . final," the Court should be "take[n] . . . at its word"). Rather, this Order reflects the Court's disposition of the motions, which was reached only after carefully and thoughtfully considering the arguments of the parties as set forth in their submissions, conducting a thorough review of the record, and drafting a Memorandum Opinion that explains the Court's rationale in appropriate detail. With only non-substantive tasks (e.g., reviewing citations to ensure conformity with the Bluebook) remaining before the Memorandum Opinion can be released to the parties and the public, this matter no longer requires this Court's "judicial attention," and therefore the Court finds it appropriate to issue this Order expressing its disposition of the matter. See <u>id.</u> (questioning the "propriety" of resolving a motion which "still require[s] judicial attention").