UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT B. BERGDAHL, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-418 (RBW) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| *Defendant*. | ) | Judge Walton |

THE PLAINTIFF'S CROSS-MOTION TO ALTER OR AMEND THE JUDGMENT
AND MOTION TO ENLARGE THE TIME IN WHICH TO RESPOND TO
THE DEFENDANT'S MOTION TO ALTER OR AMEND

The defendant has moved under Fed. R. Civ. P. 59(e) to alter or amend the judgment. ECF 27. The plaintiff hereby cross-moves under the same rule. The judgment at issue is ECF 26.

In addition, for the reason stated in Point 2 below, the plaintiff moves for an enlargement until September 15, 2023, in which to respond to the defendant's motion.

1

Rule 59(e) permits the parties to move to alter or amend a judgment within 28 days. This cross-motion is timely filed since the judgment was issued 28 days ago. The plaintiff respectfully suggests that the judgment should be amended because the Court did not address the impact on Count I of its findings and ruling as to Count II (with regard to the military judge's failure to disclose his conflict of interest and his having misled the plaintiff as to his future plans), and because those findings and rulings, together with the balance of the Court's opinion, warrant relief on Count I.

The Court correctly granted relief under *In re Al-Nashiri*, 921 F.3d 224 (D.C. Cir. 2019), a case that turns on public confidence in the administration of justice. However, the Court did not *also* consider the military judge's conduct as bearing on whether the government had, as required by settled unlawful command influence (UCI) jurisprudence, proved beyond a reasonable doubt that a member of the general public, aware of all the facts and circumstances, would not harbor a significant doubt about the fairness of the proceedings.

As we explained in ECF 23, at 14, "once evidence of the military judge's misrepresentation regarding his own conflict is added to the other evidence, as it must be, it becomes impossible to sustain the court-martial proceedings, especially given the CAAF majority's emphasis on the notion that he was 'notably impervious' to 'outside forces.'" "[T]he military judge's concealment of his job application not only mandates relief under *Al-Nashiri* but deals a fatal blow to CAAF's UCI conclusion." *Id*. The concealment "materially alters the facts and circumstances on which the CAAF majority relied and adds to the plaintiff's evidence on the ultimate legal issue of whether an informed member of the public would harbor a significant doubt about the fairness of the proceedings." ECF 18-2, at 34; *see also id*. at 43-44.

Like the *Al-Nashiri* issue, the UCI issue turns on public confidence in the administration of justice. Indeed, on the unusual facts of this case, the *Al-Nashiri* and UCI issues are closely and inextricably intertwined: the military judge misled the plaintiff in the course of claiming that he was impervious to UCI emanating from then-President Donald J. Trump.

The context from which the *Al-Nashiri* issue arose was whether the military judge could be counted on to rule impartially on the legal consequences of former President Trump's ratification of his appalling pattern of vilification of the plaintiff. Resolution of the *Al-Nashiri* issue therefore necessarily impacts on the proper resolution of the UCI issue.

The military judge's conduct is both material and directly pertinent to public confidence in the administration of justice. Given the onerous burden of proof that CAAF's jurisprudence imposes on the prosecution, such a material change dictates a restriking of the balance and compels a ruling for the plaintiff on the UCI issue, and correspondingly broader relief. CAAF's jurisprudence permits dismissal with prejudice for UCI, even in guilty-plea cases such as this. *E.g., United States v. Lewis*, 63 M.J. 405 (C.A.A.F. 2006). That is the relief the Court should grant.

In framing relief that takes account of both the *Al-Nashiri* and UCI issues, the Court may wish to be aware that further court-martial proceedings would be extremely costly; would require reassembling sizable prosecution and defense teams as well as the assignment of a new military judge, reconstitution of facilities for the storage and review of classified materials; would permit a new forum election, R.C.M. 810(b)(3), the reconsideration of numerous critical motions, R.C.M. 801(e)(1)(B), and revised pleas; and above all, could not lead, in the event of a conviction, to a sentence more severe than the one previously approved by the convening authority. Art. 63(a), UCMJ; R.C.M. 810(d)(1). In the circumstances, a resumption of the trial so many years after the fact would be unwarranted and a serious misallocation of public resources.

2

Counsel was unaware until this afternoon that the defendant intended to seek relief under Rule 59(e). The plaintiff's lead counsel will be out of the country on previously scheduled vacation next week. Accordingly, we request an enlargement of time in which to file a substantive response to the defendant's Rule 59(e) motion until September 15. We are authorized to represent that the defendant's counsel consents to such an enlargement but intends to oppose the cross-motion.

Separate proposed Orders on the cross-motion and the requested enlargement are submitted herewith.


Respectfully submitted,

/s/ *Eugene R. Fidell*
EUGENE R. FIDELL
D.C. Bar No. 112003
Feldesman Tucker Leifer Fidell LLP
1129 20th St., N.W., Suite 400
Washington, DC 20036
(202) 256-8675 (mobile)
efidell@feldesmantucker.com

/s/ *Franklin D. Rosenblatt*
FRANKLIN D. ROSENBLATT
D.C. Bar No. 1600851
151 E. Griffith St.
Jackson, MS 39201
(202) 793-0005
frosenblatt@mc.edu

/s/ *Matthew D. Bernstein*
MATTHEW D. BERNSTEIN
D.C. Bar No. 1013815
Shook, Hardy & Bacon L.L.P.
201 S. Biscayne Blvd., Suite 3200
Miami, FL 33131
(305) 755-8941
mbernstein@shb.com

/s/ *Stephen A. Saltzburg*
STEPHEN A. SALTZBURG
D.C. Bar No. 370949
2000 H St., N.W.
Washington, DC 20052
(202) 994-7089
ssaltz@law.gwu.edu

/s/ *Stephen I. Vladeck*
STEPHEN I. VLADECK
D.C. Bar No. 988509
727 E. Dean Keeton St.
Austin, TX 78705
(512) 475-9198
svladeck@law.utexas.edu

*Attorneys for the Plaintiff*

August 22, 2023